# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7013 | **DATE** | October 10, 2012 |
| **CASE TITLE** | Shareef Azzeh (B-72779) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The Court grants Plaintiff's motion for leave to file *in forma pauperis* [3], and assesses an initial filing fee of $6.70. The Court authorizes trust fund account officials at Plaintiff's place of confinement to deduct the initial partial filing fee from Plaintiff's account and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund office at the Shawnee Correctional Center. Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting an amended complaint within 30 days of the date of this order. The clerk is directed to send to Plaintiff an amended civil rights complaint form, along with a copy of this order. Plaintiff's failure to comply with this order will result in dismissal of this case. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

     Plaintiff Shareef Azzeh, an inmate currently at the Shawnee Correctional Center, brings this 42 U.S.C. § 1983 civil rights action against Cook County Sheriff Tom Dart and two unknown Cook County Jail officers, referred to as John Doe #1 and #2. Plaintiff alleges that, in January 2011, he informed a jail officer that he received threats from other inmates. The officer allegedly stated that he would get a lieutenant, to whom Plaintiff would report the threats. Before Plaintiff could report the threats, he was attacked by other inmates with food trays that had been left out. The two John Doe Defendants appear to be the officer with whom Plaintiff spoke of the threats and the officer who allowed food trays to be left out. Tom Dart is named as a Defendant; however, no claims are stated against him. Plaintiff seeks to file this suit *in forma pauperis* ("IFP") and also seeks the appointment of counsel.

     Plaintiff's application to proceed IFP indicates that he cannot prepay the $350 filing fee. The Court grants his motion to proceed IFP and assesses an initial partial filing fee of $6.70. *See* 28 U.S.C. § 1915(b)(1). The supervisor of inmate trust accounts at Plaintiff's place of confinement is authorized to collect the initial partial filing fee from Plaintiff's trust fund account, when funds exists, and to continue making monthly payments from Plaintiff's trust account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Shawnee Correctional Center authorities shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another facility.
(CONTINUED)

    isk

| STATEMENT |
|---|

Although Plaintiff may proceed *in forma pauperis*, his complaint cannot proceed as currently drafted. *See* 28 U.S.C. § 1915A (a district court must conduct an initial review of every complaint filed by a prisoner and dismiss the complaint if it fails to state a claim upon which the court can grant relief). Plaintiff seeks to allege a claim of failure to protect. To state such a claim, a plaintiff must allege facts that demonstrate that (1) he faced a substantial risk of serious injury, and (2) the Defendants acted with deliberate indifference to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). The officers must be aware of more than a general risk of violence and the threat needs to be both specific and impending. *Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008); *Santiago v. Walls*, 599 F.3d 749, 756-57 (7th Cir. 2010); *Brown*, 398 F.3d at 909. Plaintiff's allegations indicate only a general threat of an attack, but not an impending one. Furthermore, Plaintiff does not allege deliberate indifference by the officer who he informed of the threat; rather, he states that the officer was seeking to locate a lieutenant so that Plaintiff could report the threat. *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008) (an officer is not deliberately indifferent if he reasonably responds to a threat of violence, even if the officer's efforts were unsuccessful). With respect to a claim that an officer failed to take action to prevent food trays from being used a weapon, Plaintiff would have to allege facts indicating that the officer had specific knowledge that the trays would be used as weapons and failed to take any corrective measures. *Fisher v. Lovejoy*, 414 F.3d 659, 664 (7th Cir. 2005); *Peate v. McCann*, 294 F.3d 879, 882-83 (7th Cir. 2002).

As to Tom Dart, Plaintiff names him as a Defendant but alleges no claims against him. If Dart was named in order to assist with identifying the Doe officers, which Plaintiff may and should do if he does not know the officers' names, *see Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 790 (7th Cir. 1995), Plaintiff should state that Dart is being named for this reason.

Accordingly, the complaint is dismissed without prejudice to Plaintiff submitting an amended complaint that states valid claims and why Dart has been named as a Defendant. Plaintiff is advised that an amended complaint replaces a previously filed complaint in the same case and must stand complete on its own. The Court will refer only to the amended complaint, and not to prior complaints, to determine the claims and defendants in this case. Therefore, Plaintiff must state in the amended complaint the claims he seeks to raise and the defendants he seeks to sue in this case. Plaintiff must write both the case number and the judge's name on the amended complaint and return the originally filled out and signed form and a copy for the judge and a service copy for each named defendant to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. Plaintiff may request additional copies of an amended complaint form if needed to provide the Court with a sufficient number of copies.

Plaintiff is given 30 days from the date of this order to submit an amended complaint that states a valid claim. Failure to comply with this order will result in dismissal of this case.

Plaintiff's motion for the appointment of counsel is denied without prejudice. Plaintiff's case is not overly complex at the current time and, despite his complaint not stating a valid federal cause of action, Plaintiff's pleadings indicate that he is competent to represent himself adequately at this time.