Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7013 | **DATE** | December 28, 2012 |
| **CASE TITLE** | Shareef Azzeh (B-72779) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff may proceed with his amended complaint [#7]. The clerk shall issue summons for service of the amended complaint on Tom Dart. No summons will issue for the John Doe Defendant until his identity is known. Once an attorney enters an appearance for Tom Dart, Plaintiff must forward to Dart through his attorney discovery (written questions) seeking the identity of the unknown officer. Once the identity of the officer is known, Plaintiff should substitute that name in place of John Doe. Plaintiff's failure to conduct discovery within 90 days of the date an attorney enters an appearance for Dart will result in dismissal of the John Doe Defendant for failure to prosecute.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Plaintiff Shareef Azzeh, an inmate currently at the Shawnee Correctional Center, has filed an amended complaint in accordance with the Court's October 10, 2012, order. Similar to his prior complaint, Plaintiff names as Defendants Cook County Sheriff Tom Dart and an unknown jail officer referred to as John Doe. Plaintiff alleges that, on January 29 or 30, 2011, he informed the jail officer that members of a prison gang had threatened Plaintiff and were planning to attack him. Plaintiff asked to be moved from the tier to a safer area. In response, the officer yelled to the gang members on the tier not to cause any trouble during his shift, but he neither removed Plaintiff from the area nor sought a lieutenant as Plaintiff requested so that he could be transferred. When the officer left the area, the gang members surrounded Plaintiff and punched, kicked, and hit him with food trays. Plaintiff was taken to Cermak Health Services and then to Mount Sinai Hospital, where he received several staples for injuries to his head. Plaintiff states that he still suffers pain and dizziness from his injuries. Plaintiff seeks to hold Tom Dart liable as the supervisor of jail officers.

     Plaintiff's allegations state a claim against the jail officer. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (discussing the elements of a failure to protect claim). Plaintiff does not, however, state a claim against Tom Dart. *See Boyce v. Moore*, 314 F.3d 884, 888 (7th Cir. 2002) (respondeat superior does not apply in § 1983 cases, and supervisory officials cannot be held liable for the constitutional wrongs of their subordinates; instead, the official must have been personally involved in some way). Dart will remain a Defendant, however, to assist with identifying the officer referred to as John Doe. *See Billman v. Indiana Dep't of Corrections*, 56 F.3d 785, 790 (7th Cir. 1995). Once an attorney enters an appearance for Dart, Plaintiff must forward discovery (written questions or requests for documents) to learn the name of the Doe Defendant. When the officer's name is known, Plaintiff must seek to substitute the name in place of John Doe. Plaintiff is advised that his failure to conduct discovery within 90 days of the appearance of an attorney for Dart may result in the dismissal of the claims against the Doe Defendant for failure to prosecute.
**(CONTINUED)**

isk

## STATEMENT

   The clerk shall issue summonses for service of the amended complaint on Tom Dart. The U.S. Marshal is directed to serve him. The Marshal may forward to Plaintiff forms necessary for service. Plaintiff's failure to return forms to the Marshal may result in the dismissal of Defendants. If any Defendant is no longer employed or associated with Cook County Jail, officials there shall provide the last known address of that Defendant, which shall be used only to effectuate service and which shall neither be kept in the court's file nor disclosed by the Marshal. The Marshal may attempt to obtain waivers of service pursuant to Fed. R. Civ. P. 4(d), but if unable to obtain waivers, personal service must be attempted.

   Plaintiff must submit a judge's copy of all filings and must send a copy of all filings to Defendants, or to their attorney, after one enters an appearance on their behalf. Plaintiff must include a certificate of service with each filing that states to whom and the date copies were mailed. Letters sent directly to the judge, as well as any submissions to the Court that do not comply with the Court's instructions, may be returned to Plaintiff without being filed.